UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET KATHLEEN WILSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. C15-996-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Margaret Kathleen Wilson seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. She contends the ALJ erred (1) by finding that she could perform a job that, as defined in the Dictionary of Occupational Titles ("DOT"), requires more reaching than she could do; and (2) by discounting her credibility. Dkt. 15 at 1. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. Wilson is currently 64 years old, has a bachelor's degree, and has worked as a copy consultant, sales clerk, housekeeper, apprentice painter, electronic board assembler, nursing

REPORT AND RECOMMENDATION - 1

assistant, and food service worker.[1]  The procedural history of this case is lengthy, as described in the parties' briefing (Dkt 15 at 2-3; Dkt. 22 at 1-2), and that history is undisputed and largely not directly relevant to the issues presented in this appeal, with one exception.  Under the terms of a stipulated remand, the ALJ was instructed to *inter alia* "obtain supplemental vocational expert testimony to reassess the requirements of Plaintiff's past relevant work and/or accurately identify any comparable counterpart in the Dictionary of Occupational Titles[.]"  Tr. 864-65, 874-77.

The ALJ's decision under review is dated August 16, 2013, and finds Ms. Wilson was not disabled between her amended alleged onset date (September 1, 2006) and August 29, 2008, the date she had been previously found disabled.  Tr. 842-54.  As the Appeals Council denied Ms. Wilson's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 821-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Ms. Wilson has not engaged in substantial gainful activity since September 1, 2006, the amended alleged onset date.

**Step two:**  Ms. Wilson's cervical disc disease, degenerative disc disease of the lumbar spine, left side bunion, affective disorder, anxiety disorder, pain disorder, and obesity are severe.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity:**  Before August 29, 2008, Ms. Wilson could lift up to 20 pounds occasionally, and lift/carry up to 10 pounds frequently.  She could stand for no more than a total of three hours and could walk for no more than a total of three hours.  She could sit for a total of seven hours.  She could occasionally climb ramps, stairs,

---

[1] Tr. 16, 622-232.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION - 2

ladders, ropes, and scaffolds.  She could frequently balance.  She could occasionally stoop, kneel, crouch, and crawl.  She had an unlimited ability to reach in all directions except for overhead, which was limited to occasional.  She was limited to work requiring simple or well-learned tasks.  She could have only superficial interaction with the general public.

**Step four:**  Ms. Wilson could perform her past work as a stem mounter as generally performed, and therefore is not disabled.

Tr. 842-54.

## DISCUSSION

**1.    Step Four**

The ALJ found that Ms. Wilson had an unlimited capacity for reaching, except that she was limited to reaching overhead on an occasional basis.  Tr. 847.  The vocational expert ("VE") testified at the most recent administrative hearing that one of Ms. Wilson's past jobs corresponds to the stem mounter job described in DOT 725.684-018, 1991 WL 679557.  As defined in the DOT, the stem mounter job requires "constant" reaching.  1991 WL 679557.  At the most recent administrative hearing, the ALJ did not ask any specific questions regarding the reaching requirements of the stem mounter job, but the VE answered affirmatively that a hypothetical claimant with the restrictions listed in the RFC assessment could perform the job of stem mounter as defined in the DOT (as generally performed).  Tr. 1112-13, 1123-24.

At a prior administrative hearing, however, the ALJ asked the VE whether, with regard to the same stem mounter job, the "constant" reaching included overhead reaching, and the VE testified that most of the reaching contemplated in this job was not overhead, and that the overhead reaching required would be categorized as "seldom" or "rare" (up to 10 percent of a workday).  Tr. 803-05.  The VE testified that this opinion as to reaching was based on his knowledge of the tasks involved in the stem mounter job, because the DOT itself does not differentiate between the type of reaching involved.  Tr. 804.

REPORT AND RECOMMENDATION - 3

In the written decision, the ALJ did not address anything related to the reaching requirements or the VE testimony from the prior hearing, but found simply that the VE "indicated that the [stem mounter] job, as generally performed, does not require the performance of work-related activities precluded by the claimant's [RFC]." Tr. 853.  This analysis falls short of the ALJ's task on remand: to reassess the requirements of Ms. Wilson's past relevant work and/or accurately categorize this work according to jobs defined in the DOT.  *See* Tr. 874.  As acknowledged by the VE (Tr. 1122-23), Ms. Wilson's written description of her past work as an electronics assembler is internally inconsistent, in that it refers to a job that requires sitting for an entire workday but also mentions lifting and carrying/using ladders.  Tr. 182.  This discrepancy could and should have been resolved at the administrative hearing via additional testimony from Ms. Wilson.

In the absence of clarity regarding Ms. Wilson's actual job duties as an electronics assembler, it is not clear whether the job she performed aligns with the stem mounter position as defined by the DOT, or whether it would be more accurately described as a composite job.  *See* Tr. 1117-21.  The ALJ could also have clarified the reaching demands of Ms. Wilson's prior work, and whether a hypothetical claimant who was restricted to occasional overhead reaching could have nonetheless performed those duties.  Unfortunately, this clarification was not sought at the most recent administrative hearing, and must be addressed at yet another administrative hearing.

Although Ms. Wilson suggests that a remand for additional proceedings is not the appropriate remedy, in light of the lengthy proceedings that have already transpired in this case, Ms. Wilson is only entitled to a finding of disability if she "is, in fact, disabled, no matter how egregious the ALJ's errors may be."  *See Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d

REPORT AND RECOMMENDATION - 4

1135, 1138 (9th Cir. 2011). Ms. Wilson herself identified outstanding issues that were not resolved in the last round of proceedings (Dkt. 15 at 9), which suggests that a remand for further proceedings would be appropriate. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").

**2.     Credibility**

The ALJ discounted the credibility of Ms. Wilson's subjective complaints for multiple reasons: (1) the objective medical findings are not consistent with an allegation of disability; (2) Ms. Wilson's providers recommended that her physical conditions be treated with conservative treatment only; (3) Ms. Wilson inconsistently reported physical symptoms; (4) Ms. Wilson's back and neck symptoms improved with physical therapy; (5) Ms. Wilson reported widespread pain "in excess of what the objective evidence reflects because there is no medically determinable impairment to account for the degree or location of this alleged pain"; (6) Ms. Wilson's mental symptoms improved with medication; (7) Ms. Wilson did not consistently seek mental health treatment; (8) Ms. Wilson worked with the same impairments for years before alleging disability, and did not stop working due to impairments; and (9) Ms. Wilson's "daily activities are generally consistent with the [RFC assessment]." Tr. 848-50. Ms. Wilson contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

   **a.     Daily Activities**

The ALJ's findings as to Ms. Wilson's daily activities fail to amount to a clear and convincing reason to discount her credibility, because the ALJ did not explain why the listed activities either contradicted her testimony, or demonstrated that she retained transferable work

skills. Tr. 850. Thus, the ALJ did not properly rely on Ms. Wilson's daily activities as evidence that undermines her credibility. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

b.     **Reasons Related to Physical Allegations**

The ALJ noted, for example, that although Ms. Wilson reported back and neck pain, the "positive clinical findings were restricted mostly to reduced range of motion and tenderness, which are based on the claimant's subjective report. There are few, if any, findings regarding positive straight leg raise test or compromised neuromotor function." Tr. 848 (citations omitted). The ALJ did not err in considering the degree to which the medical evidence corroborated Ms. Wilson's pain complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ next noted that Ms. Wilson inconsistently reported symptoms, citing a February 2008 physical therapy evaluation that the ALJ found to be inconsistent with "contemporaneous evidence reflecting better range of motion and fewer reported limitations in daily activities." AR at 848-49 (citations omitted). Ms. Wilson argues that this reasoning "ignores or overlooks the fact that pain can wax and wane in severity, from day to day and between medical visits even just a few days apart." Dkt. 15 at 15. This argument is not persuasive, because some of the evidence cited by the ALJ is dated just one day apart: for example, on February 13, 2008, Ms. Wilson reported that walking was one of her recreational interests (Tr. 502), but on February 14, 2008, she reported to a physical therapist that moving or do anything was painful, and the report suggests that walking was difficult for Ms. Wilson (Tr. 524). The ALJ also noted that the record showed only "intermittent complaints and findings regarding bunions[,]" and Ms. Wilson "made

REPORT AND RECOMMENDATION - 6

little mention of restrictions associated with bunions during the July 2008 hearing." Tr. 849. These types of inconsistency in reporting symptoms undermines the veracity of Ms. Wilson's subjective complaints. *See* Social Security Ruling 96-7p, 1996 WL 374186, at *5 (Jul. 2, 1996) ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record.").

The ALJ also cited evidence showing that Ms. Wilson's symptoms improved with physical therapy, but noted that she continued to report widespread pain in all her joints despite the fact that "there is no medically determinable impairment to account for the degree or location of this alleged pain." Tr. 849 (citing Tr. 510-23, 556). Ms. Wilson's physical therapist also opined that Ms. Wilson's "problems seem to be not just physical, but emotional and psychological also." Tr. 510A.

Ms. Wilson argues that while she did experience some improvement with physical therapy, she did not meet all of her goals and still reported pain at a 7/10 level when she was discharged from physical therapy. Dkt. 15 at 12 (citing Tr. 510A). She further argues that her physical therapist's comments regarding the emotional and psychological aspects to her pain are consistent with her pain disorder diagnosis, and do not undermine her credibility. Dkt. 15 at 13-15. Ms. Wilson cites no medical opinion evidence — beyond the physical therapist's speculation, in an arena outside her expertise in physical therapy — that her pain disorder caused her widespread joint pain, and thus Ms. Wilson has not shown that the ALJ erred in finding that her reports of pain were not supported by the medical evidence. These unsupported allegations undermine Ms. Wilson's credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 ("Having determined that Ms. Thomas' subjective complaints of pain were not credible, the ALJ had no need to explore whether Ms. Thomas' pain was psychologically related, because pain is

REPORT AND RECOMMENDATION - 7

subjective and depends on the credibility of the claimant.").

### c. Reasons Related to Mental Allegations

The ALJ also found that Ms. Wilson's ability to work with her mental impairments from August 2004 through 2006 undermined the credibility of her disability allegations, particularly because she stopped working due to a move to Washington, rather than her impairments. Tr. 849-50. Ms. Wilson disputes this finding, noting that she sustained an on-the-job injury in May 2006 and her physician placed restrictions on her ability to lift, push, and pull prior to the relevant period before the ALJ. Dkt. 15 at 15-16 (citing Tr. 430A, 440). The evidence cited by Ms. Wilson establishes that she had some work-related restrictions in 2006, but not that she stopped working due to her impairments, and thus she fails to show that the ALJ erred in interpreting her work history. *See*, *e.g.*, *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) ("She was able to hold two previous jobs with a fair amount of success, and even if those particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is qualified for thousands of less strenuous jobs.").

Lastly, the ALJ noted that Ms. Wilson's sporadic mental health treatment also undermines her credibility, because her symptoms responded well to medication and even when she was not taking medication, her symptoms were not so severe as to be debilitating. Tr. 849. Ms. Wilson does not present a specific challenge to this reasoning in her opening brief.

Because the ALJ provided multiple clear and convincing reasons to discount Ms. Wilson's credibility, the inclusion of erroneous reasons amounts to harmless error. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be

1  **REVERSED** and the case be **REMANDED** for further administrative proceedings under
2  sentence four of 42 U.S.C. § 405(g).
3        On remand, the ALJ should (1) obtain additional testimony from Ms. Wilson regarding
4  her job duties as an electronics assembler, to determine the physical demands of this past job; (2)
5  obtain additional VE testimony to determine whether Ms. Wilson's past work as an electronic
6  assembler corresponds to a job defined in the DOT; and (3) determine whether a hypothetical
7  claimant with Ms. Wilson's RFC could return to her past work as generally or actually
8  performed.
9        A proposed order accompanies this Report and Recommendation.  Any objection to this
10 Report and Recommendation must be filed and served no later than **March 15, 2016.**  If no
11 objections are filed, the Clerk shall note the matter for March 18, 2016 as ready for the Court's
12 consideration.  If objections are filed, any response is due within 14 days after being served with
13 the objections.  A party filing an objection must note the matter for the Court's consideration 14
14 days from the date the objection is filed and served.  Objections and responses shall not exceed
15 ten pages.  The failure to timely object may affect the right to appeal.
16       DATED this 1st day of March, 2016.

                                                          BRIAN A. TSUCHIDA
                                                          United States Magistrate Judge